UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| TRIMAX MEDICAL MANAGEMENT, INC. <br><br> Plaintiff, <br><br> v. <br><br> HIBERNATION THERAPEUTICS USA, LLC <br><br> Defendant. | CIVIL ACTION NO. <br><br> 5:16cv399 |

## COMPLAINT

COMES NOW, Trimax Medical Management Inc., a Georgia corporation, Plaintiff in the above styled matter files this Complaint against Hibernation Therapeutics USA, LLC, a Delaware limited liability company, and states as follow:

### PARTIES

1.

Trimax Medical Management, Inc ("Trimax") is a Georgia corporation with its principal place of business located at 487 Cherry Street Third Street Tower, Macon, GA 31201. Trimax is duly authorized to transact business in the state of Georgia and does so at its principal office at: 487 Cherry Street Third Street Tower, Macon, GA 31201.

2.

Defendant Hibernation Therapeutics USA, LLC ("HT USA") is a Delaware limited liability company which has transacted business in Georgia through its various business contacts with Trimax.

3.

On information and belief, HT USA's principal place of business is in either California or Delaware.

4.

HT USA can be served through its registered agent: Delaware Registry, Ltd., at 3511 Silverside Road, Suite 105, Wilmington, Delaware USA 19810.

## JURISDICTION AND VENUE

5.

This Court has subject matter jurisdiction over all claims pursuant to 28 USC § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.

Pursuant to 39 USC §1391 (2), venue is proper in this Court because a substantial amount of the acts that constitute the basis for the Complaint occurred within this District.

7.

This Court is authorized to exercise personal jurisdiction by Federal Rule of Civil Procedure 4(k)(1)(A). Jurisdiction is proper pursuant to O.C.G.A. § 10-9-91 (the "Georgia Long-Arm Statute") because Defendant transacted business in the State of Georgia and those business transactions give rise to the subject matter of this Complaint.

## STATEMENT OF FACTS

8.

Trimax was retained by HT USA to provide management services for Hibernation Therapeutics Global, Inc. ("**HT Global**").

9.

HT Global is a related entity to HT USA which required various management services to be performed by Trimax in order to operate.

10.

These services were provided to HT Global pursuant to a Services Agreement entered into between Trimax and HT USA. The Services Agreement is attached hereto as Exhibit "A."

11.

Trimax provided a wide variety of services under the Services Agreement including, but not limited to, managing HT Global's payroll, accounts receivable, and accounts payable.

12.

Trimax also managed various collection and general book keeping services for HT Global on behalf of and at the request of HT USA.

13.

The Service Agreement provided that monthly payments were to be made from HT USA to Trimax. The amount of the monthly payments was defined in three (3) escalated schedules.

14.

HT USA was required to pay Trimax $7499.86 per month during the first six (6) months of the contract from January to July of 2009.

15.

HT USA was required to pay a total of $210,000.00 from August 1, 2009, to September 30, 2010, at a monthly rate of approximately $15,000.00 per month. The Service Agreement provided that HT USA pre-paid $25,000.00 toward the $210,000.00 total and the remaining $185,000.00 was due in monthly installments form August 1, 2009, to September 30, 2010.

16.

HT USA was required to pay Trimax $40,000.00 per month beginning October 1, 2010, until the termination of the Service Agreement on December 31, 2011.

## **BREACH OF CONTRACT**

17.

Trimax fully performed its obligations to HT USA by providing services to HT Global.

18.

HT USA did not, however, fulfill its obligation to pay Trimax for the service provided under the Services Agreement.

19.

Despite the clear payment terms contained in the Service Agreement HT USA did not make payments as required by the Service Agreement.

20.

Specifically, HT USA has failed to pay Trimax $276,566.14 which became due and payable under the Service Agreement between January of 2010, and December 31, 2011.

21.

HT USA paid Trimax only $30,000.00 per month from January 1, 2010 to December 1, 2011.

22.

Trimax was willing to accept to the reduced payments but did not waive its right to full payment.

23.

On February 9, 2012, Trimax sent a letter to the Board of Directors of HT Global demanding the balance of the outstanding management fee, $335,000.00, be paid by February 17, 2012. This corresponded is attached hereto as Exhibit "B."

24.

Trimax has not been paid the $335,000.00 in violation of the Service Agreement.

WHEREFORE, Plaintiff, Trimax Medical Management Inc. demands trial by jury and request that this Court grant judgment in its favor against Defendants and order the following relief:

a. A judgement in the amount of $335,00.00;

b. An award of pre-judgment interest from the dates of breach;

c. An award of reasonable attorney's fees and costs of this litigations;

d. Such other relief the Court deems just and proper.

Respectfully submitted this __2__ day of September, 2016.

SPIVEY, POPE, GREEN & GREER, LLC
Post Office Box 899
Macon, Georgia 31202

_____
THOMAS M. GREEN
Georgia Bar Number 307425
Attorney for Plaintiff

JOHN A. WILKERSON
Georgia Bar Number 639382
Attorney for Plaintiff